UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JORDAN HUDIS and THOMAS RITCHIE,

                            Plaintiffs,

            -against-

SITU GROUP, INC. and KIEFER LE MOIGNE,

                            Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  10/24/2022
```

21 Civ. 7960 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiffs Jordan Hudis and Thomas Ritchie bring this action against Defendants Situ Group, Inc., and Kiefer Le Moigne, claiming, *inter alia*, unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and unpaid wages, illegally withheld wages, and wage notice and statement violations under the New York Labor Law ("NYLL") § 190 *et seq. See generally* Compl., ECF No. 1. Having reached a settlement (the "Settlement"), ECF No. 37-2, the parties sought the Court's approval of their proposed agreement. *See* Letter, ECF No. 37. After seeking approval, the parties filed an amended settlement (the "Amendment"), which pins the payment date to the approval of the settlement and incorporates all remaining provisions of the Settlement. ECF No. 41-1; *see also* ECF No. 41. Accordingly, the Court shall review the Settlement and the Amendment. For the reasons stated below, the motion is DENIED without prejudice to renewal.

**DISCUSSION**

I.    Legal Standard

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a)–(b). Significantly,

"[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted). "In an individual FLSA action where the

2

parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.   <u>Analysis</u>

The Settlement and Amendment provide Plaintiffs with a recovery of $217,500, with Ritchie receiving approximately $77,720, Hudis receiving approximately $67,280, and their attorneys receiving the remainder.   Amendment ¶ 1; *see also* Settlement ¶ 3.   During mediation, Plaintiffs estimated their best-case recovery to be $897,292.29, meaning that the proposed settlement offer is roughly 24.24% of the possible recovery under Plaintiffs' best-case scenario for damages.   Letter at 2–3; ECF No. 37-1.   The parties note that the Settlement recovery represents "more than 95% of [Plaintiffs'] respective unpaid salaries for the time that the Plaintiffs worked for Defendants."   Letter at 3.   The parties acknowledge that any litigation would likely have been protracted, likely ending in a trial, and the settlement allows the parties to "preserve[] substantial additional resources" that this litigation would have required.   *Id.* at 4.   And, Plaintiffs have concerns about ability to recover damages should they have prevailed in the lawsuit—they note that the "Settlement accounts for the potential difficulties in enforcing a judgment."   *Id.*; *see Lliguichuzhca*, 948 F. Supp. 2d at 365 ("[P]otential difficulty in collecting damages militates in favor of finding a settlement reasonable.").   In addition, the parties state that the Settlement was the product of a "day-long mediation" conducted by the District's mediation program.   Letter at 3–4.   Plaintiffs were represented by experienced counsel throughout the mediation.   *Id.* at 4.

However, the parties do not explicitly state the risks faced by the parties in the litigation, beyond Plaintiffs' concerns about recoverability, nor do they state that there was no fraud or collusion in the negotiation of the Settlement and Amendment beyond the heading of Section V. *See generally* Letter.  The Court cannot find, therefore, that the *Wolinsky* factors are met.

In addition, the Settlement contains a liability release, which the Court finds improper. Settlement ¶ 7.  The Settlement releases from liability numerous entities beyond Defendants, including "officers, boards, directors, staff, employees, attorneys, insurers, members, managers, principals, general and limited partners, agents, lenders, and assigns." *Id.*  Although the release clause is limited only to claims "arising from, relating to, or in connection with the subject matter of the Lawsuit, the commencement or prosecution or defense of the Lawsuit, the facts giving rise to, as well as the claims and demands that were or could have been asserted in, the Lawsuit," *id.*, "when combined with the broad definition of '[r]eleasees,' the release—read literally—would have the . . . effect of releasing any wage and hour claims that [Plaintiffs] had against a wide range of unidentified individuals and business[es] only tenuously affiliated with [Defendants]." *Lara v. Air Sea Land Shipping & Moving Inc.*, No. 19 Civ. 8486, 2019 WL 6117588, at *2 (S.D.N.Y. Nov. 18, 2019).  The Court cannot, therefore, conclude that the Settlement's release clause is "fair and reasonable" under *Cheeks*, and, accordingly, shall not approve the Settlement.

Turning to attorney's fees and costs, Plaintiffs' counsel seeks a fee of approximately one-third of the settlement proceeds, in the amount of approximately $72,500.  Settlement ¶ 3.  The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiff] and [his] counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) (citations omitted).  "Contingency fees of one-third in FLSA cases are routinely approved in this Circuit." *Gonzales v. 27 W.H. Bake, LLC*, No. 15 Civ. 4161,

4

2018 WL 1918623, at *4 (S.D.N.Y. Apr. 20, 2018) (collecting cases). As a check on the reasonableness of attorneys' fees, however, courts still calculate the "lodestar" amount, which is the "product of a reasonable hourly rate and the reasonable number of hours required by the case." *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11. Civ. 3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

Plaintiffs' counsel, James Halter and Blaine Bortnick of the law firm Rasco Klock Perez & Nieto, LLC, have submitted contemporaneous time records that document their work on this matter. *See* Halter Decl. ¶¶ 1, 12, 14, ECF No. 37-5. Halter billed approximately 96.55 hours, at a rate of $750 per hour. *Id.* Ex. B. Bortnick billed 1.25 hours, at a rate of $895 per hour for 0.5 of that time, and a rate of $850 for the remainder. *Id.* ¶ 14, Ex. B. Plaintiffs' counsel's requested lodestar is therefore $73,497.50. *Id.* ¶ 10. Halter asserts he is a special counsel at his firm and has been practicing law for over twenty years, and has litigated employment cases, primarily from the plaintiff's side, for over fifteen years. *Id.* ¶¶ 5–7, Ex. B. He further notes that Bortnick is the managing partner of Rasco Klock Perez & Nieto, LLC's New York Office. *Id.* ¶ 14. Plaintiffs' counsel also notes that it took the case on contingency and provides the billing records solely to allow the Court to conduct a lodestar cross-check. *Id.* ¶ 11; Letter at 5. Nevertheless, the Court concludes these rates are excessive, and reduces them to $450 per hour for the lodestar calculation. *See Hernandez v. El Azteca y El Guanaco Rest. Corp.*, No. 20 Civ. 10316, 2021 WL 5847648, at *2 (S.D.N.Y. Dec. 9, 2021).

The reduction in the hourly rates merits a reduction in the lodestar, for a total of $44,010. Plaintiffs' counsel seeks fees of $72,500. This results in a lodestar multiplier of 1.65. "[A] multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with

contingent fees in FLSA cases." *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014).  On this basis, the Court accepts the multiplier of 1.65, and determines attorneys' fees and costs of $72,500 to be reasonable under the circumstances, particularly given that it amounts to a third of the total settlement award.  *See, e.g.*, *Thornhill v. CVS Pharmacy, Inc.*, No. 13 Civ. 5507, 2014 WL 1100135, at *3 (S.D.N.Y. Mar. 14, 2014) (collecting cases).

Finally, the parties request that the Court direct the Clerk of Court to enter a judgment by consent, which Plaintiffs could enforce should Defendants default on the Settlement.  Letter at 6. The parties state that the judgment by consent is made "to comply with the dictates of Federal Rule of Civil Procedure 68."  Settlement ¶ 1.  The Court does not need to review judgments made in accordance with Federal Rule of Civil Procedure 68(a).  *See Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 411 (2d Cir. 2019).  The Court's role in such judgments is to direct the Clerk of Court to enter them.  *Id.* at 401–02.  Therefore, the parties shall revise the judgment to remove the judicial findings in the judgment on consent, ECF No. 37-4.  Further, the Court shall only retain jurisdiction over this matter for one year.

## CONCLUSION

For the foregoing reasons, the parties' motion for settlement approval is DENIED without prejudice to refiling a revised letter, settlement agreement, and judgment on consent.  The revised letter shall address the remaining *Wolinsky* factors.  The revised settlement agreement shall: (1) narrow the release provision so as not to confer an unearned benefit on entities and individuals beyond the parties herein, and (2) limit the period which the Court retains jurisdiction over this matter to one year.  The revised judgment on consent shall: (1) remove the judicial findings and (2) limit the period which the Court retains jurisdiction over this matter to one year.

By **November 21, 2022**, the parties shall file their revised letter, settlement agreement, and

judgment on consent.

      SO ORDERED.

Dated: October 24, 2022
      New York, New York

                            _____
                                ANALISA TORRES
                         United States District Judge