```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
JORDAN HUDIS and THOMAS RITCHIE,

                        Plaintiffs,

        -against-

SITU GROUP, INC. and KIEFER LE MOIGNE,

                        Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _5/9/2023_

21 Civ. 7960 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiffs Jordan Hudis and Thomas Ritchie bring this action against Defendants Situ Group, Inc., and Kiefer Le Moigne, claiming, *inter alia*, unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and unpaid wages, illegally withheld wages, and wage notice and statement violations under the New York Labor Law § 190 *et seq.* *See generally* Compl., ECF No. 1.

After reaching a settlement (the "Settlement"), ECF No. 37-2, the parties sought the Court's approval of their proposed settlement agreement. *See* Letter, ECF No. 37. After seeking approval, the parties filed an amended settlement (the "Amendment"), which pinned the payment date to the approval of the settlement and incorporated all remaining provisions of the Settlement. ECF No. 41-1; *see also* ECF No. 41. On October 24, 2022, the Court denied the parties' motion without prejudice to renewal and ordered the parties to submit a revised letter, settlement agreement, and judgment on consent (the "Order"). ECF No. 42. Before the Court is the parties' revised letter and renewed motion for settlement approval (the "Revised Letter"), ECF No. 44, the parties' revised settlement agreement (the "Revised Settlement"), ECF No. 44-2, and revised judgment on consent (the "Revised Judgment"), ECF

No. 46; *see also* ECF No. 44-4.  For the reasons stated below, the parties' motion is GRANTED.

## DISCUSSION

I. <u>Legal Standard</u>

The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers."  29 U.S.C. § 202(a)–(b).  Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees."  *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the Department of Labor or a United States district court.  *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  Where, as here, the parties seek approval from the district court, they must establish the settlement is "fair and reasonable."  *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted).  To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-

length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citation omitted). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.   Analysis

The Revised Letter describes the seriousness of the litigation risks faced by the parties. The parties note "the potential difficulties in enforcing a judgment" given that Defendant Situ Group, Inc. "does not have ongoing operations and has limited assets at this time." Revised Letter at 4. The parties "acknowledge risk related to determination of [the merits of the action.]" *Id.* The Revised Letter also explicitly states that there "was no fraud or collusion in the Settlement or the process leading to the Settlement." *Id.*

3

Having satisfied these factors and the other *Wolinsky* factors, *see generally* Revised Letter, Revised Settlement; *see also* Order at 4, the Court concludes that the Revised Settlement meets each of the *Wolinsky* factors.

The Court previously found that the Settlement's liability release provision was too broad. *See* Order at 4. The Revised Settlement significantly narrows the scope of the release clause. The release clause now applies to Defendants, not numerous entities beyond Defendants. Revised Settlement ¶ 7. Accordingly, the Court finds that the release clauses of the Revised Settlement are fair and reasonable. *Hernandez Ramirez v. AA BC Bakery Cafe Corp.*, No. 21 Civ. 458, 2022 WL 3363144, at *2 (S.D.N.Y. July 5, 2022) ("The limited scope of the revised clause ensures Defendants are only released from liability for claims that were, or could have been raised in this action[.]").

The Court also determined that the attorney's fees and costs sought in this action are reasonable. Order at 5–6.

## CONCLUSION

For the reasons stated above and in the Order, the parties' request for approval of the Revised Settlement is GRANTED. The Court shall "so order" the Revised Judgment.

The Clerk of Court is directed to terminate all pending motions and close the case.

SO ORDERED.

Dated: May 9, 2023
      New York, New York

_____
ANALISA TORRES
United States District Judge